IN THE CIRCUIT COURT OF ST. FRANCIS COUNTY, ARKANSAS

SCOTT MARTIN ............................................................................................. PLAINTIFF

VS   CASE NO.: 62CV-20-156-4

THE CITY OF PALESTINE, ARKANSAS, ......................................................... DEFENDANTS
MAYOR BILLY SHAFFER, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY

FILED AUG 17 2020 TIME: 9:00 AM
ANGELA GREEN, CLERK
ST. FRANCIS COUNTY

### COMPLAINT

COMES NOW, the Plaintiff by and through his attorney Robert A. Newcomb and, for his Complaint against the Defendant states:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to A.C.A. 16-13-201, *et seq.*

### FACTS

2. This action is to enforce rights granted the Plaintiff pursuant to A.C.A. 14-42-110, A.C.A. 11-4-405, and for damages for failure to pay comp time and for retaliation in violations of 29 USC 206 *et seq.*

3. This action is also brought against Defendant Shaffer pursuant to A.C.A. 16-123-105 for rights granted by Article 2 §17.

### PARTIES

4. Defendant City of Palestine is a City of the second class located in St. Francis County, Arkansas and, was the employer of the Plaintiff.

5. Defendant Billy Shaffer is the Mayor of the City of Palestine and, is being sued for acts done under the color of law.

6. Plaintiff Scott Martin at all times material to this cause of action was the duly appointed Chief of Police for the City of Palestine.


EXHIBIT A

7. A.C.A. 14-42-110 (a)(1), "Providing for the termination of the department heads by the Mayor unless the City or Town Council shall vote by two thirds majority of the total membership of the Council to override the Mayor's action."

8. The Plaintiff appeared before the Palestine City Council on July 14th, 2020 and the Mayor instructed the City Council not to vote on the request for reinstatement by the Plaintiff.

9. The City Council Members present did not vote yay or nay on the termination of the Plaintiff even though he requested that he be reinstated pursuant to the provisions of the Statute.

10. The Plaintiff had a contract of employment with the City of Palestine that State law gave him certain procedural rights before it could be terminated, which included a hearing before and a vote by the City Council.

11. Mayor Billy Shaffer interfered with the Plaintiff's right to a vote on whether his termination should be upheld or not.

12. The City of Palestine does not keep records of the hours worked by its employees in the excess of 86 hours every two weeks for its Law Enforcement Officers.

13. The Plaintiff within two years prior to the filing of this suit worked since January 1st, 2020 a total of 89 hours entitling him to 133.5 of compensatory hours.

14. The City of Palestine has not paid the Plaintiff for the hours worked in excess of 86 hours per two week period and owes for willful violation of the Act twice the amount of pay.

15. The Plaintiff was terminated on July 8th, 2020 by Defendant Shaffer.

16. The Plaintiff requested Dana Densmore to give him his compensatory time check; she advised that the Mayor stated that the Plaintiff has to come see him. This was on August 3rd, 2020.

17. The City has the Plaintiff's mailing address.

18. The City has not complied with A.C.A. 11-4-405 by paying all wages due at the time of termination.

19. The Plaintiff has had to incur the cost of hiring an attorney and the Court should award reasonable attorney's fees.

## RELIEF REQUESTED

20. The Court should Order the City Council of Palestine, Arkansas to hold a public hearing and vote on whether to reinstate the Plaintiff as Chief of Police for the City of Palestine.

21. The City of Palestine has willfully violated the Federal Wage and Hour Act entitling the Plaintiff an equal amount of liquidated damages equaling the amount owed him for violation of compensatory earned in the amount of $1,985.14 hours.

22. The Plaintiff's rate of pay was $14.87 per hour.

23. The Court should award the Plaintiff the amount of $1,985.14 for compensatory time that he had accumulated and an equal amount for damages.

24. The termination of the Plaintiff for asking for comp time warrants this Court Ordering that the City of Palestine reinstate the Plaintiff as Police Chief.

25. This Court should also award attorney's fees and Court costs to the Plaintiff.

26. The Court should award pre-judgment interest.

27. The Court should continue the Plaintiff's salary for up to 60 days or his obtaining employment at the rate of $14.87 per hour.

28. The actions of Defendant Shaffer caused the Plaintiff loss of pay and mental anguish for which he should be awarded damages.

29. The actions of Mayor Shaffer were with malice and the Court should award punitive damages.

30. The City of Palestine should be Ordered to conduct a hearing and take a vote if it chooses to terminate the Plaintiff.

WHEREFORE, it is respectfully prayed that this Court will grant the Plaintiff the relief requested herein.

Respectfully submitted:

Robert A. Newcomb, #73087
Attorney at Law
Post Office Box 149
Little Rock, AR 72203
(501) 372-5577 - Phone
(501) 372-6025 - Facsimile
newcomboffice@aol.com
robertnwcmb@aol.com